NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARLENA MINERVA WILLES, on behalf of J.D.Z. in the custody of the Child Safety Services,

Petitioner-Appellant,

v.

ARIZONA DEPARTMENT OF CHILD SAFETY, named as Department of Child Services (Safety) in original Petition; MARICOPA COUNTY JUVENILE COURT, named as Juvinille Court in original Petition,

Respondents-Appellees.

No. 19-15723

D.C. No. 2:19-cv-00068-JJT-JFM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John J. Tuchi, District Judge, Presiding

Submitted January 8, 2020**

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Arlena Minerva Willes appeals pro se from the district court's order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing her 28 U.S.C. § 2254 petition for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), and we affirm.

Willes contends that the district court erred by dismissing her section 2254 petition, which challenged proceedings in Arizona state court regarding the custody of her minor son. The district court correctly determined that section 2254 does not confer federal habeas jurisdiction over challenges to state child custody proceedings. *See Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 515-16 (1982). Willes's claim, raised for the first time on appeal, that respondents caused severe emotional distress is not properly before the court, *see Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994), and is not cognizable in habeas, *see Nettles*, 830 F.3d at 929-35 (claims fall outside "the core of habeas corpus" if success will not necessarily lead to immediate or earlier release from confinement).

Appellant's motion to supplement the record is granted. The Clerk is directed to maintain the documents filed at Docket Entry No. 10 under seal. Appellant's motion to submit a supplemental brief is granted.

**AFFIRMED.**